ANNIE E. CALLAWAY *vs.* GEORGE W. MILLIGAN, Executor of MARY J. MOORE, deceased.

1. TRIAL—DELIBERATIONS OF JURY—MANNER OF ARRIVING AT VERDICT.
    Where the testimony is in many regards conflicting, the whole testimony is to be taken by the jury, if it can reconcile it; but, if not, the jury should give credit to those witnesses which in its opinion are most worthy of credit, and reject the testimony of those that it deemed less worthy, taking into consideration the bias, prejudice, or interest which the individual witnesses may have in the outcome.

2. WORK AND LABOR—IMPLIED CONTRACT.

Ordinarily, where one performs labor for another, in the absence of any specific agreement, the law raises an implied promise to pay; but there is no implied promise to pay for services rendered gratuitously.

3. CONTRACT —COMPENSATION.

If there was an express promise between parties that services would be paid for, but no definite price was agreed on, the one rendering the services would be entitled to recover fair and reasonable compensation, not in excess of the sum sued for.

(*April* 11, 1911.)

Judges BOYCE and CONRAD sitting.

*Robert C. White* and *James M. Tunnell* for plaintiff.

*Sudler S. Richards* for defendant.

Superior Court, Sussex County, April Term, 1911.

ACTION OF ASSUMPSIT (No. 3, June Term, 1910), to recover for services in nursing and attending to deceased in her lifetime.

CONRAD, J., charging the jury:

Gentlemen of the jury:—This is an action of assumpsit, brought by Annie E. Callaway, the plaintiff, against George W. Milligan, executor of Mary J. Moore, deceased, to recover from the estate of the said Mary J. Moore for work and labor performed by the plaintiff in caring for and attending to the said Mary J. Moore for a period of three years  from September 25, 1906, to September 25, 1909, and the  plaintiff  claims compensation for such services at the rate of three dollars per week which for a period of one hundred and fifty-six weeks made four hundred and sixty-eight dollars.

The defendant claims that no such services were rendered, or if rendered that they were rendered as a gratuity; that is, that they were services rendered without any promise or agreement to pay for them, either express or implied

[1] You have heard the testimony.  It in many regards is conflicting, but the whole of the testimony is to be taken by you, and if you can you are to reconcile it, but if you are not able to reconcile it, then you are to give credit to those witnesses which in your opinion are most worthy of credit, and reject the testimony of those witnesses that you deem less worthy of credit,

taking into consideration the bias, prejudice or interest which the individual witnesses may have in the outcome of the case.

[2] Ordinarily where one person performs personal labor and services for another, in the absence of any specific bargain or agreement for the payment of the same, the law raises an implied promise on the part of the person receiving such services to pay therefor. But there is no such implied promise to pay for services rendered gratuitously, when so rendered.

[3] If there was an express promise or understanding between the parties that the services would be paid for but no definite price was agreed upon, then the plaintiff would be entitled to recover, if at all, a fair and reasonable compensation for the services rendered, not however in excess of the sum demanded.

In this case you should determine whether any services were rendered the deceased by the plaintiff, and if any, the character and value of those services.

And if you find that the deceased did receive the services which it is alleged she received, and that she promised or agreed to pay therefor, then you are to determine what is a fair and reasonable compensation for the services rendered, and that sum, whatever it may be, should be your verdict.

If, however, you find that no services were rendered, or that if rendered they were rendered gratuitously, in a friendly way, without hope or expectation of compensation, then your verdict should be for the defendant.

Verdict for plaintiff.